10-2484-ag
Chen v. Holder

BIA
Hom, IJ
A088 020 981

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of August, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
>> *Circuit Judges.*

_____

YAN ZHU CHEN,
>*Petitioner,*

>   v.                                    10-2484-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:        Adedayo O. Idowu, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Todd J. Cochran, Trial Attorney, Office of Immigration Litigation, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yan Zhu Chen, a native and citizen of China, seeks review of the May 25, 2010, decision of the BIA affirming the June 4, 2008, decision of Immigration Judge ("IJ") Sandy Hom denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Zhu Chen*, No. A088 020 981 (B.I.A. May 25, 2010), *aff'g* No. A088 020 981 (Immig. Ct. N.Y. City June 4, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision, i.e., minus the argument for denying relief that was not considered by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *see also Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*,

534 F.3d 162, 165-66 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 165-66. For asylum applications governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . ., the consistency between the applicant's or witness's written and oral statements . . ., [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the IJ's adverse credibility determination. In finding Chen not credible, the IJ reasonably relied in part on Chen's unresponsive demeanor while testifying about her claims for relief based on her involvement in Falun Gong and her Christian faith. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v.*

3

*Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The IJ also reasonably relied on both Chen's omission from her application and supporting statement of her claim that she feared persecution on account of her Christian faith, and inconsistencies in the record evidence regarding whether Chen promoted Falun Gong in the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166-67 & n.3 (recognizing that an inconsistency and an omission are functionally equivalent in evaluating an applicant's credibility). Moreover, a reasonable fact finder would not be compelled to credit Chen's explanations for these inconsistencies. *See Majidi*, 430 F.3d at 80-81. Thus, we find no error in the agency's denial of Chen's application for asylum, withholding of removal, and CAT relief on credibility grounds insofar as her application was based on her claimed involvement in Falun Gong and her Christian faith. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

To the extent Chen applied for CAT relief based on her purported illegal departure from China, the IJ reasonably found that she failed to satisfy her burden of proof. We have held that an applicant, such as Chen, cannot

4

demonstrate that she will more likely than not be tortured "based solely on the fact that she is part of the large class of persons who have left China illegally" and on generalized evidence indicating that torture occurs in Chinese prisons. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005). Accordingly, because Chen failed to submit any particularized evidence regarding the likelihood that she would face torture upon repatriation to China, we find no error in the IJ's denial of Chen's application for CAT relief insofar as it was based on her purportedly illegal departure from China. *See id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5